JUDGE KAPLAN

14 CV 10110

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kelly Eddy,<br><br>              Plaintiff,<br>v.<br><br>JPMorgan Chase Bank, N.A.; and DOES 1-10, inclusive,<br><br>              Defendants. | Civil Action No.: _____<br><br>COMPLAINT |



RECEIVED DEC 23 2014 U.S.D.C. S.D.N.Y. CASHIERS

For this Complaint, the Plaintiff, Kelly Eddy, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Kelly Eddy ("Plaintiff"), is an adult individual residing in Mingo, Ohio, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. The Defendant, JPMorgan Chase Bank, N.A. ("JPMorgan"), is a New York business entity with an address of 270 Park Avenue 8th Floor, New York, New York 10017, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by JPMorgan and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. JPMorgan at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, JPMorgan contacted Plaintiff in an attempt to collect a consumer debt allegedly owed by Plaintiff (the "Debt").

8. At all times mentioned herein, JPMorgan called Plaintiff's cellular telephone, number 740-xxx-5770, by using an automated telephone dialer system ("ATDS") and by using an artificial and prerecorded voice.

9. When Plaintiff answered calls from JPMorgan, she was met with a prerecorded stating the call was from JP Morgan Chase Bank.

10. In or around July, 2014, during a live conversation with JPMorgan, Plaintiff demanded that all communication to her cellular telephone number cease.

11. Despite the foregoing, JPMorgan continued to call Plaintiff at an annoying and harassing rate.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last year, JPMorgan called Plaintiff on her cellular telephones using an ATDS or predictive dialer and a prerecorded or artificial voice.

14. Without consent JPMorgan contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

15. JPMorgan's telephone systems have some earmarks of a Predictive Dialer.

16. When Plaintiff answered the phone, she was met with a prerecorded message before Defendants' telephone system would connect her to the next available representative.

17. JPMorgan's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. JPMorgan continued calling Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by JPMorgan was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from JPMorgan to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 18, 2014

Respectfully submitted,

By _____
Sergei Lemberg, Esq. (SL-6331)
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff